IN THE UNITED STATE DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| **SETON FAMILY OF DOCTORS** | § | |
|     **Plaintiffs,** | § | |
| | § | |
| **VS.** | § | **CIVIL ACTION NO.   1:15-CV-521** |
| | § | |
| **HUMANA HEALTH CARE PLANS** | § | |
|     **Defendants.** | § | |

**ORIGINAL COMPLAINT**

TO THE HONORABLE COURT:

    COMES NOW, Plaintiff, SETON FAMILY OF DOCTORS, and files this its Statement of Legal Claims, Description of General Factual Basis and a Specification of the Type and Approximate Amount of Damages Claimed against Defendant HUMANA HEALTH CARE PLANS, and in support hereof would respectfully show as follows:

**I.**
**SUMMARY**

    1.    SETON FAMILY OF DOCTORS filed a claim against Defendant for violations of the Texas Prompt Pay Statutes found in Chapters 843 and 1301 of the Texas Insurance Code and breach of contract as it relates to payment of claims. Plaintiff seeks herein a finding against Defendant for statutory penalties, statutory interest, attorneys' fees and costs of Court.

**II.**
**PARTIES**

    2.    Plaintiff SETON FAMILY OF DOCTORS is a Corporation with its principal office in Austin, Travis County, Texas.

    3.    Defendant, HUMANA HEALTH CARE PLANS ("HUMANA") is a corporation duly authorized to transact business in the State of Texas and can be served through their registered agent, Corporation Service Company d/b/a CSC, 211 E. 7th Street, Suite 620, Austin, Texas 78701.

## III.
## FACTUAL BACKGROUND

4. SETON FAMILY OF DOCTORS entered into a series of contracts with respondent.

5. Defendant was required to pay Plaintiff on a timely basis consistent with Texas Prompt Pay Statutes.

6. Plaintiff electronically submitted clean claims to Defendant, which Defendant failed to timely pay under the Texas Prompt Pay Statutes.

7. Plaintiff is bringing its claim herein against Defendant for violations of the Texas Prompt Pay Statutes and are seeking against Defendant statutory penalties, statutory interest, attorneys' fees and costs of Court.

## IV.
## VIOLATIONS OF THE TEXAS PROMPT PAY STATUES

8. Plaintiff realleges and incorporates by reference all previous and subsequent paragraphs herein.

Texas Insurance Code §§843.342 and 1301.137 provides as follows:

"§ 843.342 Violation of Certain Claims Payment Provisions; Penalties and §1301.137 Violation of Claims Payment Requirements; Penalty (a) Except as provided by this section, if a clean claim submitted to a health maintenance organization/an insurer is payable and the health maintenance organization/insurer does not determine under this subchapter/Subchapter C that the claim is payable and pay the claim on or before the date the health maintenance organization/insurer shall pay the physician or provider/preferred provider making the claim the contracted rate owed on the claim plus a penalty in the amount of the lesser of:

(1) 50 percent of the difference between the billed charges, as submitted on the claim, and the contracted rate; or

(2) $100,000.00.

(c) If the claim is paid on or after the 91st day after the date the health maintenance organization/insurer is required to make a determination or

adjudication of the claim, the health maintenance organization/insurer shall pay a penalty computed under Subsection (b) plus 18 percent annual interest on that amount. Interest under this subsection accrues beginning on the date the health maintenance organization/insurer was required to pay the claim and ending on the date the claim and the penalty are paid in full.

    (d)    Except as provided by this section, a health maintenance organization/insurer that determines under this subchapter/Subchapter C that a claim is payable, pays only a portion of the amount of the claim on or before the date the health maintenance organization/insurer is required to make a determination or adjudication of the claim, and pays the balance of the contracted rate owed for the claim after that date shall pay to the physician or provider/preferred provider, in addition to the contracted amount owed, a penalty on the amount not timely paid in the amount of the lesser of:

    (1)    50 percent of the underpaid amount; or

    (2)    $100,000.00.

    (e)    If the balance of the claim is paid on or after the 46th day and before the 91st day after the date the health maintenance organization/insurer is required to make a determination or adjudication of the claim, the health maintenance organization/insurer shall pay a penalty on the balance of the claim in the amount of the lesser of:

    (1)    100 percent of the underpaid amount; or

    (2)    $200,000.00.

    (f)    If the balance of the claim is paid on or after the 91st day after the date the health maintenance organization/insurer is required to make a determination or adjudication of the claim, the health maintenance organization/insurer shall pay a penalty on the balance of the claim computed under Subsection (e) plus 18 percent annual interest on that amount. Interest under this subsection accrues beginning on the date the health maintenance organization/insurer was required to [pay the claim and ending on the date the claim and penalty are paid in full.

    (g)    For the purposes of Subsections (d) and (e), the underpaid amount is calculated/computed on the ratio of the amount underpaid on the contracted rate to the contracted rate as applied to an amount equal to the billed charges as submitted on the claim minus the contracted rate."

Defendant failed to comply with the prompt payment deadlines set forth in Texas Insurance Code §§843.342 and 1301.137 with respect to payments for health care services provided by

SETON FAMILY OF DOCTORS to covered patients and is, therefore, required to pay penalties and interest set forth in Texas Insurance Code §§843.342 and 1301.137.

## V.
## BREACH OF CONTRACT

11.     Seton incorporates by reference the preceding paragraphs.

12.     Seton and HUMANA are contracted entities. Pursuant to the terms of the contract, Seton agrees to provide services to HUMANA's members at a discounted rate, which is agreed upon by the parties. In exchange, HUMANA has agreed to promptly pay Seton for the services rendered, pursuant to all relevant laws and regulations, including the Texas Prompt Pay Act.

13.     Although some of the claims at issue were ultimately approved and paid, in full, HUMANA failed to promptly pay the claims, as required by the contract and the Texas Prompt Pay Act. The contract provides that "[a]mounts due and owing under this Agreement with respect to complete claims for Covered Services will be payable within the timeframes required by applicable law."

14.     HUMANA's failure to timely pay these claims has resulted in a breach of contract. Seton seeks penalties in the amount of $258,799.91 for HUMANA's failure to pay the claims at issue promptly.

## VI.
## DAMAGES SOUGHT

15.     Seton is seeking damages in the amount of $258,799.91 for penalties and interest accrued under the Texas Prompt Pay Act and/or the contract. This amount is subject to change, based on penalties and interest that may accrue, as permitted by the Texas Prompt Pay Act.

## VII.
## ATTORNEY FEES

16.     Seton seeks reasonable and necessary Attorney's fees that have been incurred to bring this suit and seek penalties, as permitted by the Texas Prompt Pay Act Sections 1301.108 and 843.343 of the Texas Insurance Code, and by Texas statutes which allow recovery of attorney fees for breach of contract.

## VIII.
## CONDITIONS PRECEDENT

Seton has performed all conditions precedent to filing this lawsuit, including, but not limited to sending its demand letter dated February 5, 2015 requesting payment of all interests, penalties and damages, including attorneys fee. In all matters, HUMANA ignored the demand letters and thus, refused mediation.

## IX.
## PRAYER FOR RELIEF

**WHEREFORE, PREMISES CONSIDERED,** Seton, respectfully requests the following:

(a)     Damages against HUMANA in the amount of $258,799.91;

(b)     Reasonable attorney's fees; and

(c)     Any other relief just and equitable relief under Texas Law.

Dated: June 19, 2015

>Respectfully Submitted,
>CARABIN & SHAW, P.C.
>
>By: /s/ Paul L. Sadler
>    Paul L. Sadler
>    Texas State Bar No. 17512400
>    630 Broadway
>    San Antonio, Texas 78215
>    Phone:    (210)222-2288
>    Facsimile: (210)222-1480
>    **Attorneys for Claimant**

5